United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAVELLE DESHAWN MARSHALL,         No. C-12-4038 EMC (pr)

    Plaintiff,

    v.                                           **ORDER OF DISMISSAL**

SAN FRANCISCO SHERIFF DEPT.; *et al.*,

    Defendants.

_____/

        On November 6, 2012, mail was sent from the Court to Plaintiff at the address he provided on his complaint and was returned undelivered on November 15, 2012, marked "return to sender - attempted - not deliverable as addressed - unable to forward." (Docket # 10.) On May 7, 2013, more mail was sent from the Court to Plaintiff at a street address in Oakland that was mentioned within his complaint as a "last effort to contact Plaintiff so that he may file an opposition to the pending dispositive motion." (Docket # 18.) The envelope containing the May 7, 2013 order was returned undelivered on May 17, 2013, marked "return to sender - attempted, not known - unable to forward." (Docket # 19.) Plaintiff has not provided any address other than the two addresses to which the undeliverable mail was sent. More than sixty days have passed since the mail was returned to the Court undelivered. Plaintiff has failed to comply with Local Rule 3-11(a) which requires that a party proceeding *pro se* must "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address" when his address changes. Local Rule 3-11(b) allows the Court to dismiss a complaint without prejudice when mail directed to a *pro se* party is returned as not deliverable and the *pro se* party fails to send a current address within sixty days of the return of the undelivered mail. This action is dismissed without

prejudice because Plaintiff failed to keep the Court informed of his address in compliance with Local Rule 3-11(a).

In light of the dismissal of this action due to Plaintiff's failure to keep the Court informed of his address, Defendant's motion to dismiss, or in the alternative, for summary judgment is **DENIED** as moot. (Docket # 12, # 17.)

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: July 22, 2013

_____
EDWARD M. CHEN
United States District Judge